UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID JOHN BOETTNER JR.,<br><br>　　　　Defendant. | Case No. 4:16-cr-00256-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Before the Court are Defendant David John Boettner Jr.'s Motions for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (providing for compassionate release) (Dkt. 89; Dkt. 92).[1] Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[2] For the reasons discussed below, the Court denies the motions.

---

[1]　　Defendant filed a letter (dated March 3, 2025) explaining his wish to petition the Court for compassionate release (Dkt. 89). Defendant promptly filed a second document (dated March 13, 2025) with the title "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)," using what appears to be a standard form for pro se inmates seeking compassionate release (Dkt. 92). For purposes of reviewing Defendant's motion, the Court will consider both documents collectively.

[2]　　While this is a criminal case, the local civil rule regarding hearings will apply here because a general provision in the local civil rule will apply when there is no corresponding criminal rule. *See* Dist. Idaho Loc .Crim. R. 1.1(f); *United States v. Rush*, No. 1:22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (declining to hold hearing regarding motion for early termination of supervised release pursuant to local rules).

**MEMORANDUM DECISION AND ORDER - 1**

#### I.    BACKGROUND

On October 25, 2016, Defendant was indicted for one count of failure to register as a sex offender under 18 U.S.C. § 2250(a) (Dkt. 1). On December 19, he pleaded guilty to the charge (Dkt. 17). In preparing Defendant's Presentence Report, the probation officer noted this conviction was Defendant's second conviction for failing to register, among other criminal activity (Dkt. 21 at 2). The Court calculated an offense level of 10 and a criminal history category of VI, which yielded a guideline range of 24 to 30 months (Dkt. 24). The Court sentenced Defendant to the high end of the guideline range—30 months—based on Defendant's personal history and characteristics, his failure to be deterred previously, and concerns for public safety (Dkt. 25; Dkt. 28 at 28-29). The Court also imposed a five-year term of supervised release (Dkt. 25).

Supervision commenced on April 26, 2021, and was set to expire on April 25, 2026 (Dkt. 32). Defendant, however, struggled to comply with his terms of supervised release (Dkt. 48). The probation officer reported that Defendant tested positive for drug use and admitted to using methamphetamine during his initial meeting with the probation officer; tested positive three additional times during the first two months of supervision; failed to report for his initial appointment for substance abuse; failed to report for two drug tests and two counseling sessions; and engaged in several other violations, including continued use of controlled substances, until his arrest on new state charges (*id.* at 2-3). Defendant admitted guilt to two violations: unlawful use of a controlled substance and failure to participate in drug testing as directed (Dkt. 67). At Defendant's revocation hearing, the Court sentenced him for twelve months and a day and five years of supervised release (*id.*).

On December 22, 2022, Defendant was released from custody and his second term of supervised release commenced (Dkt. 84 at 3). His probation officer reports he tested positive for methamphetamine and admitted to marijuana use at his initial appointment (*id.*). Defendant was referred to drug testing and substance abuse treatment, but within his first few days at treatment, he tested positive for methamphetamine and buprenorphine (*id.*). He left treatment roughly a month later because he was arrested on drug-related charges in Utah state court (*id.*). Following his transfer from state to federal custody, Defendant denied guilt for his supervised release violations, though the Court ultimately found he engaged in new criminal conduct in violation of his terms of supervised release (Dkt. 88). He was sentenced to twenty months of imprisonment with no supervised release to follow (*id.*).

Defendant filed the instant motion, and his case was reassigned to the undersigned judge (Dkt. 90). The Government opposes this request for compassionate release (Dkt. 93).

## II. LEGAL STANDARD

To grant compassionate release under 18 U.S.C. 3582(c)(1)(A), a district court must, as a threshold matter, determine whether a defendant has exhausted his administrative remedies. If the exhaustion requirement is met, the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction" and the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. 18 U.S.C. 3582(c)(1)(A); s*ee United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021) (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)); *see also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v.*

**MEMORANDUM DECISION AND ORDER - 3**

*Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

### III.  ANALYSIS

To exhaust his administrative remedies, an inmate must request that the Bureau of Prisons (BOP) make a motion for compassionate release on his behalf and show either (a) the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf, or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *Keller*, 2 F.4th at 1281 (citing 18 U.S.C. § 3582(c)(1)(A)). When the government raises the statutory administrative exhaustion requirement, a court must enforce it. *Keller*, 2 F.4th at 1280. The court cannot excuse a defendant's failure to meet the requirement when the government timely objects. *Id.* at 1282.

Here, Defendant has not presented evidence that he exhausted his administrative remedies with respect to seeking compassionate release. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021). The Government has timely objected to his motion on exhaustion grounds. The Government explains that Defendant submitted his first compassionate release request to the Warden, dated March 3, 2025 (Dkt. 93 at 4). Before receiving any response from the BOP, Defendant filed his petition with this Court on March 13, which was only ten days later (*id*). Defendant has not submitted any evidence to suggest he appealed any decision by BOP or waited thirty days for a response from the BOP before filing the instant motion. Accordingly, the Court finds Defendant has failed in meeting his burden to exhaust his remedies under 18 U.S.C. § 3582(c)(1)(A).

While the Court does not address the merits of Defendant's request for compassionate release, we note that Defendant's motion lacks sufficient evidence that demonstrates extraordinary and compelling reasons for a sentence reduction, and Defendant does not adequately explain how the § 3553(a) factors weigh in favor of his release. For example, Defendant contends that the care for his father is a basis for his extraordinary and compelling reason for release. He does not, however, provide evidence that his father is incapacitated and requires a personal caregiver; Defendant is the only available caregiver; or his father's condition cannot be treated by another person or service. *See* U.S.S.G. § 1B1.13(b)(3)(C) (explaining "incapacitation of the defendant's parent" and defendant being "the only available caregiver"). Additionally, while Defendant attests to his performance in custody, Defendant does not address his extensive criminal history, his multiple supervised release violations, or how his release would not pose a threat to public safety. 18 U.S.C. § 3553(a) (addressing need "to afford adequate deterrence to criminal conduct" and "protect the public from future crimes of the defendant"). If Defendant so chooses, he may properly request compassionate release from his Warden; exhaust his administrative remedies with the BOP; and then file a new motion for compassionate release that clearly articulates his basis for compassionate release. *Keller*, 2 F.4th at 1284.

**IT IS ORDERED that:**

1. Defendant David John Boettner Jr.'s Motions for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. 89; Dkt. 92) are **DENIED**.

DATED: July 02, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5